O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT ELIJAH SMITH, JR., <br><br> Petitioner, <br><br> v. <br><br> ADAMS, Warden, <br><br> Respondent. | No. CV 09-4587-CAS (AGR) <br><br> OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On June 25, 2009, Petitioner Robert Elijah Smith, Jr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Central District of California.

I.

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in the prior federal habeas corpus action brought by Petitioner: *Robert Elijah Smith v. Ernest C. Roe,* CV 98-2897 CAS (EE) ("Smith I").

///
///
///

The records in Smith I indicate that on April 16, 1998, Petitioner filed a petition for writ of habeas corpus in this court. That petition challenged his 1993 conviction on 7 counts of residential burglary, 15 counts of robbery, 5 counts of kidnaping for robbery, 3 counts of grand theft of a firearm, 1 count of rape, 1 count of attempted residential robbery, and the unlawful taking or driving of a vehicle, and gun enhancements. (Dkt. No. 31.) Petitioner was sentenced to state prison for 71 years and 4 months, plus five consecutive life sentences. (*Id.*) The petition for writ of habeas corpus in Smith I contained nine grounds for relief. Petitioner argued that the jury selection was discriminatory, he was not present during read-backs of testimony to the jury, the trial judge did not preside during read-backs of testimony pursuant to stipulation, the trial judge admitted photos of Petitioner as a gang member for identification, the trial judge failed to hold a competency hearing during trial, the statute prohibiting kidnaping during robbery is unconstitutionally vague, the trial judge committed sentencing errors, the trial judge failed to disqualify himself, and ineffective assistance of counsel. (*Id.*)

On October 12, 1999, this court issued an Order Accepting and Adopting Findings and Recommendations of United States Magistrate Judge and a Judgment denying the petition with prejudice. (Dkt. Nos. 32-33.)

The current Petition contains 4 grounds for relief based on issues related to DNA testing, and 12 grounds for relief based on sentencing errors, denial of a jury of his peers, admission of photo evidence of Petitioner as a gang member, denial of Petitioner's request for co-counsel status, ineffective assistance of counsel (six grounds), exclusion of evidence that would have implicated a third party as a perpetrator, and cruel and unusual punishment.

II.

**DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing

2

the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152, 159, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.").

Here, the Petition is a second or successive petition that challenges the same custody imposed by the same judgment of the state court.  It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file this Petition.  This Court must, therefore, dismiss the Petition as a second or successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3).  *See Burton*, 549 U.S. 152-55.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted.

///
///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: July 2, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented By:

_____/S/_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE